**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**DAWN MARVIN,**

                 **Plaintiff,**          3:15-cv-74
                                            (GLS/CFH)
                    v.

**CAROLYN W. COLVIN,**
Commissioner of Social Security,

                 **Defendant.**
_____

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **FOR THE PLAINTIFF:** | |
| Lachman, Gorton Law Firm | PETER A. GORTON, ESQ. |
| P.O. Box 89 | |
| 1500 East Main Street | |
| Endicott, NY 13761-0089 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | SANDRA M. GROSSFELD |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Steven P. Conte | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Senior District Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Dawn Marvin challenges defendant Commissioner of Social Security's denial of Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI), seeking review under 42 U.S.C. §§ 405(g) and 1383(c)(3).[1] (Compl., Dkt. No. 1.) In a Report-Recommendation and Order (R&R) filed February 16, 2016, Magistrate Judge Christian F. Hummel recommended that the matter be remanded to the Commissioner for further administrative proceedings. (Dkt. No. 23.) No party has filed objections to the R&R. For slightly different reasons that those noted by Judge Hummel, the court adopts the R&R and remands the Commissioner's decision.

## II. Background[2]

On August 20, 2008, Marvin filed applications for DIB and SSI under the Social Security Act. (Tr.[3] at 96-97, 208-17.) After her applications

---

[1] 42 U.S.C. § 1383(c)(3) renders section 405(g) applicable to judicial review of SSI claims. As review under both sections is identical, parallel citations to the regulations governing SSI are omitted.

[2] The court incorporates the factual recitations of the parties and Judge Hummel. (*See generally* Dkt. Nos. 13, 22, 23.)

[3] Page references preceded by "Tr." are to the Administrative Transcript. (Dkt. No. 10.)

were denied, Marvin requested a hearing before an Administrative Law Judge (ALJ), which was held on February 22, 2010 before ALJ John P. Ramos. (*Id.* at 72-95, 120-25, 133-35.) On May 3, 2010, ALJ Ramos issued a decision denying the requested benefits. (*Id.* at 98-116.) At Marvin's request, the Social Security Administration Appeals Council remanded the case back to ALJ Ramos for further proceedings. (*Id.* at 117-19.) Thereafter, a second administrative hearing was held and, on November 4, 2011, ALJ Ramos again denied Marvin's applications. (*Id.* at 7-71.) After the Social Security Administration Appeals Council's denial of review of that decision, (*id.* at 1-5), Marvin commenced an action in Federal District Court, (*id.* at 763-64).

In March 2014, by Memorandum-Decision and Order, this court remanded the matter for further administrative proceedings consistent with its order. (*Id.* at 792-93.) The court addressed all of Marvin's contentions and found that ALJ Ramos' residual functional capacity (RFC)[4]

---

[4] A claimant's RFC "is the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1). In assessing a claimant's RFC, an ALJ must consider "all of the relevant medical and other evidence," including a claimant's subjective complaints of pain. *Id.* § 404.1545(a)(3). An ALJ's RFC determination must be supported by substantial evidence in the record. *See Frye ex rel. A.O. v. Astrue*, 485 F. App'x 484, 486 (2d. Cir. 2012). If it is, that determination is conclusive and must be affirmed upon judicial review. *See id.*; *see also Perez v. Chater*, 77 F.3d 41, 46 (2d Cir. 1996).

determination was supported by substantial evidence,[5] but that the Commissioner did not sustain her burden at step five of the sequential process to demonstrate that jobs exists in the national economy which Marvin can perform. (*Id.* at 762-92.) As a result of the court's remand order, the Appeals Council vacated the November 4, 2011 determination, and remanded the case to ALJ Elizabeth W. Koennecke. (*Id.* at 794-97.) ALJ Koennecke was instructed to offer Marvin the opportunity for a hearing, take any further action necessary to complete the administrative record, and issue a new decision. (*Id.* at 796.) Subsequently, Marvin requested a hearing and submitted additional evidence, including additional medical records. (*Id.* at 930-39.) On November 7, 2014, after Marvin appeared at another administrative hearing, ALJ Koennecke issued an unfavorable decision, which became the Commissioner's final determination upon the Appeals Council's denial of review. (*Id.* at 676-729.) This determination included new severity and RFC findings. (*Compare id.* at 13, 17, *with id.* at 683, 691.)

Marvin commenced the present action by filing a complaint on

---

[5] "Substantial evidence is defined as more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept to support a conclusion." *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks and citation omitted).

January 20, 2015, seeking judicial review of the Commissioner's determination. (Compl.) After receiving the parties' briefs, Judge Hummel issued an R&R recommending that the Commissioner's decision be reversed and remanded. (*See generally* Dkt. No. 23.)

### III. **Standard of Review**

By statute and rule, district courts are authorized to refer social security appeals to magistrate judges for proposed findings and recommendations as to disposition. *See* 28 U.S.C. § 636(b)(1)(A), (B); N.D.N.Y. L.R. 40.1, 72.3(d); General Order No. 18. Before entering final judgment, this court reviews report and recommendation orders in cases it has referred to a magistrate judge. If a party properly objects to a specific element of the magistrate judge's findings and recommendations, this court reviews those findings and recommendations *de novo*. *See Almonte v. N.Y. State Div. of Parole*, No. Civ. 904CV484GLS, 2006 WL 149049, at \*3, \*5 (N.D.N.Y. Jan. 18, 2006). In cases where no party has filed an objection, only vague or general objections are made, or a party resubmits the same papers and arguments already considered by the magistrate judge, this court reviews the findings and recommendations of the magistrate judge for clear error. *See id.* at \*4-5.

## IV. **Discussion**

In the R&R, Magistrate Judge Hummel recommended that the case be remanded for further administrative proceedings that comply with this court's March 31, 2014 Memorandum-Decision and Order. (Dkt. No. 23 at 10-20.) Specifically, Judge Hummel concluded that ALJ Koennecke should not have reconsidered steps one through four of the sequential evaluation on remand from that order, and, instead, should have limited the proceedings to obtaining testimony from a vocational expert. (*Id.* at 19.) Judge Hummel construed this court's order as providing "specified limiting instructions" for the Commissioner to follow on remand. (*Id.* at 18-19.) In that same vein, in her brief, Marvin argues that, by "conduct[ing] an entirely new [five s]tep analysis and [making] an entirely new disability determination," ALJ Koennecke failed to comply with this court's March 2014 remand order, which limited the remand to the discrete issue of the step five determination. (Dkt. No. 13 at 3-6.)

"The regulation governing agency decisions after remand from federal court provides that '[a]ny issues relating to your claim may be considered by the [ALJ] *whether or not they were raised in the administrative proceedings leading to the final decision in your case.*'"

*Thompson v. Astrue*, 583 F. Supp. 2d 472, 474 (S.D.N.Y. 2008) (citing 20 C.F.R. § 404.983). However, the "law of the case doctrine," which applies to administrative agencies on remand, "prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings." *Brachtel v. Apfel*, 132 F.3d 417, 419 (8th Cir. 1997) (internal quotation marks and citations omitted); *see Gladle v. Astrue*, No. 7:12-CV-284, 2013 WL 4543147, at *3 (N.D.N.Y. Aug. 27, 2013). Further, "district courts have the power to limit the scope of remand by specifying the actions to be taken by the ALJ." *Thompson*, 583 F. Supp. 2d at 475; *see Sullivan v. Hudson*, 490 U.S. 877, 885 (1989) ("[T]he district court's remand order will often include detailed instructions concerning the scope of the remand. . . . Deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review."). Based on the foregoing, "in the absence of limiting instructions or court findings, the Commissioner may revisit on remand any issues relating to the application for disability benefits." *Thompson*, 583 F. Supp. 2d at 475.

While the court ultimately adopts Magistrate Judge Hummel's R&R, it notes that it was not the intent of the court, in its March 2014 order, to

7

provide limiting instructions concerning the scope of the remand. In the future, if the court intends to so limit the Commissioner it will do so expressly. Nonetheless, because the law of the case doctrine "ordinarily forecloses relitigation of issues expressly or impliedly decided by [an] appellate court," *Starbucks Corp. v. Wolfe's Borough Coffee, Inc.*, 736 F.3d 198, 208 (2d Cir. 2013) (quoting *United States v. Quintieri*, 306 F.3d 1217, 1229 (2d Cir. 2002) (internal quotation marks omitted)), on remand, ALJ Koennecke was not free to reexamine Marvin's impairments and determine which were severe and which were not, or render a new RFC determination, "absent 'cogent' and 'compelling' reasons such as 'an intervening change of controlling law, the availability of new evidence,[6] or the need to correct a clear error or prevent manifest injustice.'" *Ali v. Mukasey*, 529 F.3d 478, 490 (2d Cir. 2008) (quoting *United States v. Tenzer*, 213 F.3d 34, 39 (2d Cir. 2000)); *see, e.g.*, *Bradley v. Colvin*, 110 F. Supp. 3d 429, 440-42 (E.D.N.Y. 2015) (explaining that, because the district court found that the ALJ's RFC determination was *not* supported by

---

[6] While ALJ Koennecke considered the new medical evidence submitted by Marvin in assessing the severity of her impairments and her RFC, neither ALJ Koennecke's decision or the Commissioner's brief, (Dkt. No. 22 at 7), point to any specific new evidence that compelled ALJ Koennecke to reopen ALJ Ramos' decision.

8

substantial evidence, the law of the case doctrine did not act to bar the redetermination of the plaintiff's RFC upon remand); *Nettelton v. Astrue*, No. 3:11CV1357, 2013 WL 1390042, at *2 (D. Conn. Apr. 4, 2013) ("Because the court in [its original determination] remanded the case with respect to an error on step five of the analysis, it necessarily upheld the ALJ's finding at step one that [p]laintiff had not engaged in substantial gainful activity since" the alleged onset date. "Thus, [that] Order is the law of the case for the purposes of the substantial gainful activity determination at step one of the analysis." (citation omitted)); *Calderon v. Astrue*, 683 F. Supp. 2d 273, 277 (E.D.N.Y. 2010) (holding that, where the court reversed an ALJ's decision due to a step-five error, it necessarily reached the conclusion that the step-four determination in favor of the plaintiff was supported by substantial evidence, and, at that point, that determination became the law of the case and could not be changed on remand absent cogent and compelling reasons); *Carrillo v. Heckler*, 599 F. Supp. 1164, 1168 (S.D.N.Y. 1984) (holding that the ALJ exceeded the scope of the remand order where he reconsidered the severity of the plaintiff's impairments, because the district court implicitly affirmed the ALJ's original severity finding when it failed to find that the severity determination was not

supported by substantial evidence and remanded the action for consideration of whether the plaintiff could return to her prior work); *see also Nelson v. Astrue*, No. 08-cv-01675-REB, 2009 WL 2338113, at *4 (D. Colo. July 27, 2009) (explaining that, when the district court remanded the case because the ALJ failed to properly assess the plaintiff's subjective complaints of pain, it necessarily relied on the ALJ's original conclusion that plaintiff suffered from systemic lupus erythematosus (SLE), which causes significant neurological consequences, and, therefore, the ALJ was not free to conclude on remand that SLE was not a severe impairment); *Davis v. Sec'y of Health & Human Servs.*, 634 F. Supp. 174, 178 (E.D. Mich. 1986) (holding that an ALJ improperly concluded on remand that the claimant was capable of medium work when the claimant was initially found capable of light work, this determination was not challenged, and the court remanded with instructions that the record be supplemented to include medical opinions regarding whether the claimant's alleged nerve root impairments in his right leg prevented him from performing a wide range of light work activities).

     Accordingly, the court agrees with Judge Hummel that this matter should be remanded for the Commissioner to address the step five errors

in ALJ Ramos' November 2011 decision.

## V. <u>Conclusion</u>

**ORDERED** that Magistrate Judge Christian F. Hummel's February 16, 2016 Report-Recommendation and Order (Dkt. No. 23) is **ADOPTED** in its entirety; and it is further

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Memorandum-Decision and Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

May 20, 2016
Albany, New York

*Gary L. Sharpe*
U.S. District Judge